UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE ROOSEVELT L. WILLIAMS, #541415,

       Petitioner/Plaintiff,

v.                                                      CASE NO. 5:10-CV-12264
                                                      HON. JOHN CORBETT O'MEARA
STATE OF MICHIGAN and MIKE COX,       MAGISTRATE JUDGE MAJZOUB

       Respondents/Defendants.

_____/

## ORDER OF DISMISSAL

Petitioner Roosevelt L. Williams is a state prisoner at Chippewa Correctional Facility in Kincheloe, Michigan. He has filed a *pro se* complaint for the writ of mandamus and a motion to waive the fees and costs for this action.

At least three of Petitioner's prior civil actions have been dismissed for failure to state a claim. *See Williams v. Caruso, et al.*, No. 2:08-cv-0036 (W.D. Mich. Aug. 12, 2008); *Williams v. Mumma, et al.*, No. 2:08-cv-00043 (W.D. Mich. June 23, 2008); *Williams v. Winnicki, et al.*, No. 2:08-cv-00069 (W.D. Mich. June 19, 2008). Therefore, Petitioner is not entitled to proceed without prepayment of the filing fee for this action unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[1]

---

[1] This statute reads:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

Petitioner was previously notified that he has "three strikes," see *Williams v. Hotchkiss, et al.*, No. 2:08-13959 (E.D. Mich. Oct. 22, 2008), and the mandamus complaint alleges that respondent Michael Cox has a clear and mandatory legal duty to adhere to legislative mandates. Nothing in the complaint suggests that Petitioner is under imminent danger of serious physical injury.

Furthermore, Petitioner brings this action pursuant to Michigan Court Rule 3.305 (mandamus), Michigan Court Rule 7.206 (extraordinary writs), and Mich. Comp. Laws § 600.4401 (mandamus). The Michigan Court Rules are not applicable in federal court. See *Hayes v. Equitable Energy Resources. Co.*, 266 F.3d 560, 566 (6th Cir. 2001) ("The Federal Rules of Civil Procedure are the rules of practice which apply to civil actions in the federal courts, regardless of whether jurisdiction is based on federal question or diversity of citizenship."); *Goings v. LewiSystems, Inc.*, 182 F.3d 917, 1999 WL 435167, at *1 n.2 (6th Cir. 1999) (unpublished opinion stating that the plaintiff's "recitation of the state rule is improper, as the Federal Rules of Civil Procedure apply in federal court"). And the federal mandamus statute, 28 U.S.C. § 1361,[2] has no

---

imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A petition for the writ of mandamus is a "civil action" within the meaning of 28 U.S.C. § 1915(g). *Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996). Consequently, the "three strikes" rule of 28 U.S.C. § 1915(g) applies to this case.

[2] This statute reads:

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

2

application here because Petitioner is suing the State of Michigan and the Michigan Attorney General. Section 1361 "applies only to 'an officer or employee of the United States or any agency thereof,' not to state officials." *See AT&T Wireless PCS, Inc. v. Winston-Salem Zoning Bd. of Adjustment*, 172 F.3d 307, 312 n.3 (4th Cir. 1999) (quoting 28 U.S.C. § 1361).

In conclusion, Petitioner is not entitled to proceed without prepayment of the filing fee for this action. Accordingly, his motion for waiver of fees and costs [Dkt. #2] is **DENIED**, and the mandamus petition [Dkt. #1] is summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g).

s/John Corbett O'Meara
United States District Judge

Date: June 17, 2010

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 17, 2010, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager

---

28 U.S.C. § 1361.